UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CARINNA ROGERS,**

    Plaintiff,

v.                                                            Case No. 19-2390

**STEADFAST AGRICULTURE CONSULTING, LLC and MICHAEL MICHELI,**

    Defendants.

## COMPLAINT

Plaintiff Carinna Rogers ("Plaintiff"), through her attorneys, brings this action against Defendant Steadfast Agriculture Consulting, LLC ("Steadfast") for sexual harassment, gender discrimination, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Tennessee Human Rights Act. Further, Plaintiff brings this action against Defendants Steadfast Agriculture Consulting, LLC and Michael Micheli (collectively, "Defendants") for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

### I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated under Title VII under 28 U.S.C. §§ 1331 and 1343(4) and those claims brought pursuant to the FLSA under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction to hear Plaintiff's THRA claims under 28 U.S.C. § 1367.

## II. FACTS

### A. Parties

2. Plaintiff Carinna Rogers is an adult, female resident of Trezevant, Tennessee. During the applicable statutory period, Plaintiff worked as an assistant for Defendants.

3. Defendant Steadfast Agriculture Consulting, LLC ("Steadfast") is a limited liability corporation formed and organized under Tennessee state law with its principal address located at 5810 Shelby Oaks Dr. #B, Memphis, TN 38134. Steadfast regularly employs more than 50 employees.

4. At all relevant times herein, Defendant Steadfast was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Steadfast is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant Steadfast is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant Steadfast is the second largest grower and producer of hemp in the state of Tennessee with annual sales of not less than $500,000.

7. Defendant Michael Micheli is the owner and manager of Defendant Steadfast and at all times herein, he has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d). Defendant Micheli acted directly in the interest of Defendant Steadfast in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at a rate of one and one-half times Plaintiff's hourly rate for time worked in excess of forty hours in a work week. Defendant Micheli is believed to be a resident of Lexington, Kentucky, but was residing in Greenfield, Tennessee at the time of the incidents described in this Complaint.

### B. Factual Allegations

8. On or about July 18, 2018, Ms. Rogers began work with Steadfast as a general laborer. Within the first two days, Ms. Rogers began working directly as an assistant for Jennifer Micheli, who was a manager of operations for Steadfast. Her employment continued until August 24, 2018.

#### i. FLSA Overtime Violations

9. In her role as assistant to Ms. Micheli, Ms. Rogers had a variety of duties, which included running errands for Ms. Micheli, assisting in the preparation of food for Steadfast's laborers, cleaning, as well as performing any other duty that Ms. Micheli requested.

10. She had no authority to hire or fire employees, and her opinion of whether employees should be hired or fired was given no weight by Defendants.

11. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than $7.25 per hour and at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely

work more than forty (40) hours per week without overtime compensation.

12. Throughout her employment, Defendants only paid Plaintiff at $15 per hour regardless of the number of hours she worked in a week. Defendants did not pay Plaintiff at a rate of 1.5 times her hourly rate for hours worked in excess of forty (40) in a work week.

13. Plaintiff worked between forty-three (43) and sixty (60) hours per week from July 18, 2018 until her last day of employment on August 24, 2018.

14. Furthermore, Defendant automatically deducted thirty (30) minutes per day from Ms. Rogers's hours worked as a lunch break despite the fact that she rarely received a bona fide meal break in that her meals were regularly interrupted with duties that Ms. Rogers was required to perform. Ms. Rogers should have been compensated for this time under the FLSA.

15. The exact amount of unpaid overtime wages will be calculated during discovery, but Plaintiff estimates that she is owed unpaid overtime compensation to date of no less than $400.00.

16. As a result of its actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1) with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

17. Further, Defendants have failed to make, maintain, and preserve records of Plaintiff's daily hours worked, her hours worked in each work week, and her total amount of overtime worked. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

18. The foregoing conduct on the part of Defendants constitutes a willful violation of

the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### ii. Sexual Discrimination and Sexual Harassment

19. After approximately two weeks of working for Steadfast, Defendant Michael Micheli began to make unwanted sexual advances towards Ms. Rogers.

20. Specifically, on five to six occasions, Mr. Micheli would tell Ms. Rogers to "get in" to his truck and then drive her around the farm.

21. On the first occasion, Mr. Micheli just explained all of the work that they were performing. Thereafter, Mr. Micheli made sexual and romantic advances towards Ms. Rogers, which included inquiring into the status of her relationships with any boyfriends, finding excuses to lean over into her, and placing his hand on her leg.

22. Ms. Rogers repeatedly rebuffed these advances and asked him to stop.

23. On August 24, 2018, Jennifer Micheli confronted Ms. Rogers, yelled at her, and asked her what Ms. Rogers was doing with Ms. Micheli's father. Ms. Rogers attempted to explain that she had done nothing, but that Mr. Micheli had made advances towards her. Ms. Micheli then left Ms. Rogers.

24. Thereafter, Ms. Rogers texted a complete explanation of what had occurred and how Mr. Micheli had made sexual advances towards her.

25. Ms. Micheli responded with a text apologizing for what occurred and said that she would provide a good reference for Ms. Rogers. As a result, Ms. Rogers did not return to work for Defendant Steadfast.

26. Defendant Steadfast's termination of Ms. Rogers caused her economic loss in the form of lost income and opportunity.

27. Further, Mr. Micheli's sexual advances and Defendant's retaliatory termination caused Ms. Rogers to suffer pain, humiliation, and embarrassment, as well as emotional distress.

28. Defendant Steadfast's unlawful actions complained of above were intentional, malicious, and taken in reckless disregard of the statutory and common law rights of Plaintiff.

### III. CAUSES OF ACTION

29. Plaintiff incorporates the foregoing paragraphs above as though specifically set forth herein, and alleges that:

30. Defendants Steadfast and Micheli's actions constitute violations of the FLSA's overtime provisions.

31. Defendant Steadfast's actions constitute gender discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the Tennessee Human Rights Act.

32. Defendant Steadfast's actions in terminating Ms. Rogers's employment constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and the Tennessee Human Rights Act.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims for overtime violations of the FLSA;

5. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

6. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit.

7. Back pay, lost benefits, and other pecuniary losses proximately caused by Defendant Steadfast's unlawful conduct under Title VII and the THRA.

8. Front pay and the value of future lost benefits against Defendant Steadfast because reinstatement is not feasible under Title VII and the THRA.

9. Compensatory damages against Defendant Steadfast in an amount to be determined by the finder of fact under Title VII and the THRA.

10. Punitive damages against Defendant Steadfast in an amount to be determined by the finder of fact under Title VII and the THRA.

11. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to Title VII, and the Tennessee Human Rights Act.

12. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF